QUESTION: Does a local law enforcement officer have the authority to enforce federal and state laws, as well as county and municipal ordinances, within the boundaries of the J. N. "Ding" Darling National Wildlife Refuge?
SUMMARY: Municipal police officers are authorized to enforce municipal ordinances and state criminal laws (felonies and misdemeanors) as peace officers, and make arrests therefor without a warrant, pursuant to s. 901.15, F. S., on a federal wildlife refuge located within the municipal limits where exclusive jurisdiction has not been ceded to the federal government. A county sheriff is authorized to enforce state criminal laws (felonies and misdemeanors), county ordinances, and municipal ordinances and make arrests therefor without warrant, pursuant to s. 901.15, on a federal wildlife refuge located within the territorial limits of the county, where exclusive jurisdiction has not been ceded to the federal government. Municipal police officers may execute process of the municipal court within the limits of a federal wildlife refuge located within the municipal limits, while the sheriff may execute the process of state courts throughout the county. Municipal police officers may enforce the provisions of Ch. 316, F. S., wherever the public has the right to travel by motor vehicle within the municipality, and the sheriff may enforce Ch. 316 wherever the public has the right to travel by motor vehicle throughout the county. Neither the sheriff nor municipal police officers are authorized to enforce federal law. The creation of the J. N. "Ding" Darling Wildlife Refuge was the result of an exchange of lands between the federal government and the State of Florida. (State of Florida Board of Trustees of the Internal Improvement Trust Fund, Deed No. 23253-A, January 30, 1970.) The federal enabling legislation providing for acquisition of such lands by the Secretary of the Interior for use and maintenance as a wildlife refuge indicates an absence of congressional intent to secure exclusive federal jurisdiction over such lands. 16 U.S.C. s. 460K-1. Furthermore, there has been no deed of cession executed by the Governor, pursuant to Ch. 6, F. S., which provides for the cession of exclusive jurisdiction to the federal government when lands within the state are acquired, held for, or used by the federal government ". . . to erect and maintain forts, magazines, arsenals, dockyards, and other needful buildings," s. 6.02, or to acquire state lands for national forests, s. 6.06. The State of Florida in such cases retains concurrent jurisdiction to prosecute crimes committed on these lands. The Darling Wildlife Refuge on Sanibel Island is situated within the municipal boundaries of the City of Sanibel. Chapter 74-606, Laws of Florida; Trustees of the Internal Improvement Trust Fund, Deed No. 23253-A, supra. Municipal police officers may enforce state criminal law (felonies and misdemeanors) and municipal ordinances as peace officers, and make arrests therefor without a warrant, within the municipal boundaries. Section901.15, F. S. Additionally, municipal police officers are authorized to execute the lawfully authorized process of the municipal court within the limits of the refuge — additionally, process of the municipal court may be served anywhere within the county in which the municipal court is situated. Attorney General Opinion 074-274. However, municipal police officers may not execute the process of the state courts or those of federal courts or officials. The deed of conveyance establishing the wildlife refuge makes the transaction expressly "subject to rightsof-way for existing public roads, ditches, canals and public utilities." Trustees of the Internal Improvement Trust Fund, Deed No. 23253-A, supra. Chapter 316, F. S., provides for the enforcement of the traffic laws of the state on all the streets and highways thereof and elsewhere, wherever the public has the right to travel by motor vehicle. Municipal police officers are authorized to enforce the provisions of Ch. 316 wherever the public has the right to travel within the incorporated boundaries of the municipality. Municipal police officers may also effect an arrest without a warrant for misdemeanors or violations of city ordinances occurring in their presence within the city limits, or in fresh pursuit, s. 901.25, F. S., and may effect a warrantless arrest for felonies committed, as set forth in s. 901.15(2), (3), and (4), F. S.; and for violations of Ch. 316 occurring in their presence within the municipal limits or in fresh pursuit, s. 901.15(5), F. S. Attorney General Opinion 076-6. The county sheriff, as a peace officer, may arrest a person without a warrant when the person has committed a felony or misdemeanor or violated a county ordinance (see s. 125.69, F. S.) or violated a municipal ordinance in the presence of the officer. He may also effect an arrest without a warrant when a felony has been committed and he reasonably believes that the person has committed it or when he reasonably believes that a felony has been or is being committed and reasonably believes that the person to be arrested has committed or is committing it. The sheriff may also place a person in custody when a warrant for the arrest has been issued and is held by another peace officer for execution. Finally, the sheriff as a peace officer may arrest the subject for a violation of Ch. 316, F. S., which has been committed in his presence within the county boundaries. Such arrest may be made immediately or on fresh pursuit. Section 901.15, F. S. The sheriff, as executive officer of the state courts, may execute the process of the state courts throughout the county. Municipal and county law enforcement officers are not authorized to enforce federal law.